IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. LUGAILA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-1285 |
| | ) |
| MIDWAY SEWERAGE AUTHORITY and | ) |
| ALEX E. PARIS CONTRACTING CO., INC., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION AND ORDER OF COURT

The Plaintiff, John M. Lugaila (hereinafter as "Lugaila"), brings claims of intentional trespass to land, violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983 and for failure to restore property against the Midway Sewerage Authority (hereinafter as "the Authority") and Alex E. Paris Contracting Company Inc. (hereinafter as "Paris Contracting"). This case was removed to this court by the Defendants on the basis of 28 U.S.C. §1331 and 1343. Both Defendants filed separate motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) of which they have joined together and incorporated into each other by reference such that both motions combined seek to dismiss the Complaint in its entirety. For the reasons stated below the §1983 claim is dismissed and the remaining state law claims of the Complaint are dismissed pursuant to 28 U.S.C. §1367(c)(3).

1

## Factual Background

Unless otherwise indicated, the facts are taken from Lugaila's Complaint.

Lugaila is the owner of a parcel of land located in Washington County. In January of 2002, the Authority filed a Declaration of Taking for the purpose of building a sewage line over Lugaila's land. In May of 2004, Paris Contracting, acting as an agent of the Authority, constructed a sewer line across Lugaila's land. Subsequent to the construction of the sewer line, in May or June of 2005, Paris Contracting reentered Lugaila's land and removed large amounts of topsoil from the property. This reentry and removal of the topsoil was done without the consent or permission of Lugaila. Despite Lugaila's requests, neither Paris Contracting nor the Authority have restored Lugaila's land to its condition prior to the construction of the sewage line and removal of the topsoil.

## Motion to Dismiss Standard

In ruling on a 12(b)(6) motion for failure to state a claim, it must be considered whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Bell Atlantic Corp. v. Twombly, --- U.S. ----,127 S.Ct. 1955, 1969 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008) (analyzing Twombly); Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The allegations of the complaint . . . should 'plausibly suggest' that the pleader is entitled to relief."). In so doing, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed them in the light most favorable to the plaintiff. Phillips, 515 F.3d at 231. Although a complaint attacked by a Rule

12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65; Phillips, 515 F.3d at 231. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965 (internal citations omitted). In short:

> "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965) (alteration in original).

When ruling upon a 12(b)(6) motion, the court may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). Other matters outside the pleadings should not be considered.

## ANALYSIS

### A. Section 1983 Claim

Lugaila claims that the alleged trespass by the Defendants has violated his Fourth and Fourteenth Amendment constitutional rights and said violation was performed under color of state law. In order to state a claim under §1983, the plaintiff must show "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws

of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994)(quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)). Since Lugaila does not make any argument in support of his claim for a Fourth Amendment violation, I will only consider his alleged Fourteenth Amendment violation, which he has argued is the basis for his §1983 claim.

The Defendants point out that an alleged trespass to land cannot amount to a Fourteenth Amendment violation upon which a §1983 claim may be based. The Supreme Court has repeatedly stated that §1983 litigation is a "species of tort litigation" Heck v. Humphrey, 512 U.S. 477, 483 (1994)(citing Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305 (1986)), however, the Fourteenth Amendment does not make it a constitutional violation for every state law tort committed by a state actor. Paul v. Davis, 424 U.S. 693, 699-701 (1976). Indeed, the Supreme Court has stated that the Fourteenth Amendment's Due Process Clause should not be read as "a font of tort law to be superimposed upon whatever systems may already be administered by the States." Id., at 701. Simply stated, the "[v]iolation of local law does not necessarily mean that federal rights have been invaded." Screws v. United States, 325 U.S. 91, 108 (1945).

Although the Supreme Court has not yet spoken to the issue, several courts have held that a trespass to land, in itself, is not a Fourteenth Amendment Due Process violation that may be remedied by §1983. The Courts of Appeals for the Seventh, Eighth and Tenth Circuits have stated that a trespass by a state actor alone does not violate the Fourteenth Amendment because trespass to land is merely a common law tort. Andree v. Ashland County, 818 F.2d 1306, 1315 (7th Cir. 1987); Collier v. City of Springdale, 733 F.2d 1311, 1315, n.6 (8th Cir. 1984)(citing Light v.

4

Blackwell, 472 F.Supp. 333, 337 (E.D.Ark. 1979)); Wise v. Bravo, 666 F.2d 1328, 1335 (10th Cir. 1981)(citing Commonwealth of Pennsylvania ex rel. Feiling v. Sincavage, 313 F.Supp. 967 (W.D.Pa. 1970); Kao v. Red Lion Municipal Authority, 381 F.Supp. 1163 (M.D.Pa. 1974)). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). I agree that an alleged trespass to land, on its own, does not rise to the level of a Constitutional violation and is merely a common law and a state law tort, therefore Lugaila's §1983 claim cannot be based on the alleged trespass alone.

Lugaila argues that the alleged trespass, however, violated his right to enjoy private property free of unreasonable government interference. Lugaila cites ATE Kays Co. v. Pennsylvania Convention Ctr. Auth., No. 00-CV-3693, 2000 WL 1763669 (E.D.Pa. Nov. 21, 2000) to support that the alleged trespass was an unlawful deprivation of property rights under the Constitution. ATE Kays involved allegations that government officials were making public and private statements suggesting that the condemnation and demolition of the plaintiff's property was imminent in order to lower the property value of the plaintiff's land and generate support for the condemnation which had not been approved or funded. On a motion to dismiss the plaintiff's §1983 claim the court held that the plaintiff "alleges that Defendants, acting under color of state law, *misused their power* by making statements that were not rationally related to any governmental interest, but were instead motivated by self interest in lowering Plaintiff's property values." ATE Kays, 2000 WL 1763669, *3 (emphasis added). The court held that, if proven, the allegation would constitute an unlawful deprivation of private property rights under §1983. It was the misuse of power allegation in ATE Kays that was the basis of the §1983 claim. Indeed, "executive action violates substantive due

5

process only where it shocks the conscience." United Artists Theatre Circuit, Inc. v. Township of Warrington, PA, 316 F.3d 392, 399-400 (3d Cir. 2003). Here, however, Lugaila's Complaint does not make any allegation of misuse or abuse of power by the Defendants nor is their any factual similarity between ATE Kays and this case. The deprivation of property by trespass, by itself as the sole basis for Lugaila's §1983 claim, is not a constitutional violation. Thus, Lugaila's Complaint does not allege any violation of any substantive constitutional rights.

Lugaila also argues that his claim under §1983 must survive because there is no adequate state remedy that will provide him procedural due process of law under the Fourteenth Amendment.

> In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate. "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." Dusanek v. Hannon, 667 F.2d 538, 543 (7th Cir. 1982); see also Bohn v. County of Dakota, 772 F.2d 1433, 1441 (8th Cir. 1985). A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 126 (1990).

Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Here, the facts alleged in the Complaint could at least conceivably sound in either the state law claims of trespass or as a de facto taking under the Eminent Domain Code, 26 Pa.C.S. §101 *et seq*., and I express no opinion as to what the proper cause of action is. Lugaila argues that the remedies under either the state tort of trespass or under the Eminent Domain Code are inadequate to satisfy due process.

Under procedural due process jurisprudence, a pre-deprivation hearing is ordinary required where the state seeks to deprive someone of their property. Elsmere Club Park, L.P. v. Town of Elsmere, 542 F.3d 412, 417 (3d Cir. 2008)(citing Fuentes v. Shevin, 407 U.S. 67, 81 (1972)).

6

However, when the state action is not pursuant to a policy or procedure and is of an unexpected nature such as a tort, it would be impracticable to expect the state to provide pre-deprivation hearings. Parratt v. Taylor, 451 U.S. at 541. In such circumstances where the deprivation is not expected to be caused by the state actor, a meaningful post-deprivation remedy will be sufficient to satisfy procedural due process. Id., at 539, 541.

Here the Commonwealth has provided the alternative remedies of a claim for damages under trespass or eminent domain. Lugaila claims, however, the damages available under either cause of action are inadequate because they do not provide for punitive damages, which is the only means by which the conduct complained of in the Complaint can be deterred in the future. Lugaila is incorrect, however, that the lack of punitive damages causes him to be denied the process that he is due under the Fourteenth Amendment. In Parratt the Supreme Court held that lack of punitive damages in the state remedy did not deny the plaintiff procedural due process. Parratt, 451 U.S. at 543-44. "Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under §1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." Id. Additionally, that a claim for trespass might be subject to some form of immunity by the Authority is inapposite as the existence of certain defenses and immunities by the Defendants does not deny Lugaila a right to due process. "[E]ven if one characterized the immunity defense as a statutory deprivation, it would remain true that the State's interest in fashioning its own rules of tort law is paramount to any discernible federal interest, except perhaps an interest in protecting the individual citizen from state action that is wholly arbitrary or irrational." Martinez v. State of California, 444 U.S. 227, 282 (1980). "States may create immunities which effectively eliminate causes of action, subject only to the requirement that

7

their action not be arbitrary or irrational." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987)(citations omitted). Thus the remedies available to Lugaila are adequate to provide him due process for the alleged deprivation of property that he claims. Therefore, since I find no violation of the Fourteenth Amendment as stated in the Complaint, the §1983 claim is dismissed.

### B. State Law Claims

Lugaila's state law claims are for trespass and failure to restore property. The Defendants argue that there is no such claim as failure to restore property and rather, that the claim is a measure of damages. Lugaila agrees and states that the failure to restore property claim should be properly understood as a claim for trespass. The remainder of the Defendants' motions argue that Lugaila's Complaint states a de facto taking rather than a trespass and the Eminent Domain Code is the exclusive vehicle for damages to him. Defendants additionally seek to strike certain damages that Lugaila claims.

In light of the fact that I have dismissed the §1983 claim over which I had original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law issues described above. 28 U.S.C. §1367(c)(3). Accordingly, I dismiss these claims pursuant to 28 U.S.C. §1367(c)(3), albeit without prejudice to re-file the claims in state court. The dismissal of the state law claims without prejudice should not work to Lugaila's disadvantage. Section 1367(d) provides for at least a 30 day tolling of any applicable statute of limitation so as to allow a plaintiff to re-file his claims in state court.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. LUGAILA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDWAY SEWERAGE AUTHORITY and ) <br> ALEX E. PARIS CONTRACTING CO., INC., ) <br> ) <br> Defendants. ) | Civil Action No. 08-1285 |

AMBROSE, Chief District Judge.

### ORDER OF COURT

AND NOW, this 18th day of December, 2008, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Defendant's Motions to Dismiss (Docket No. 5 & 11) are granted with respect to the §1983 claim.

It is FURTHER ORDERED that the remaining state law claims are dismissed without prejudice pursuant to 28 U.S.C. §1367 (c)(3).

BY THE COURT:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

Dated: December 18, 2008.

cc/ecf: All counsel of record.